Michael S. Kun    (SBN 208684)
EPSTEIN BECKER & GREEN, P.C.
1925 Century Park East, Suite 500
Los Angeles, CA 90067
Telephone: 310-556-8861
Facsimile:  310-553-2165
mkun@ebglaw.com

Attorneys for Defendants
JOHNSON & JOHNSON SERVICES,
INC. and JOHNSON & JOHNSON
CONSUMER, INC. (including entity
formerly known as "Neutrogena
Corporation")

# UNITED STATE DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO TURCIOS, an individual;<br><br>Plaintiff,<br><br>v.<br><br>NEUTROGENA CORPORATION, a California corporation; JOHNSON & JOHNSON SERVICES, INC., a New Jersey corporation; JOHNSON & JOHNSON CONSUMER, INC., a New Jersey corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: _____<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332 AND 1441(b)** |

- 1 -

Firm:45010328v1

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendants Johnson & Johnson Services, Inc. ("JJSI") and Johnson & Johnson Consumer, Inc. ("JJCI") (collectively, "Defendants"), with the filing of this notice, are effecting the removal of the above captioned action, <u>Pedro Turcios V. Neutrogena Corporation, Johnson & Johnson Services, Inc.; Johnson & Johnson Consumer, Inc., and Does 1 through 50, inclusive</u>, Case No. BC685810, from the Superior Court of the State of California for the County of Los Angeles, to the United States District Court for the Central District of California. The removal is based on 28 U.S.C. §§ 1332 and 1441(b), specifically, and on the following grounds:

## PLEADINGS, PROCESS AND ORDERS

1. On or about December 6, 2017, Plaintiff Pedro Turcios ("Plaintiff") commenced the above-captioned action in the Superior Court of the State of California, County of Los Angeles. The Complaint purports to state causes of action for, <u>inter alia,</u> disability discrimination, failure to accommodate a disability, failure to engage in the interactive process, failure to prevent discrimination, retaliation, wrongful termination in violation of public policy, and waiting time penalties.

2. Defendants were served with a copy of the Summons and Complaint on December 13, 2017. True and correct copies of the Summons, Complaint, Civil Cover Sheet, and related papers that Defendants received are attached hereto collectively as Exhibit 1.

3. On January 11, 2018, Defendants filed their Answer to the Complaint. A true and correct copy of the Answer is attached hereto as Exhibit 2.

4. Exhibits 1 and 2 constitute all the process, pleadings and orders served on any party in the Superior Court action.

Firm:45010328v1                     DEFENDANT'S NOTICE OF REMOVAL OF ACTION

## DIVERSITY JURISDICTION

5.     This is a civil action over which the Court has original jurisdiction under 28 U.S.C. § 1332 in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  This action is one that may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(b) as the action is between citizens of different states.

## CITIZENSHIP

6.     Defendants are informed and believe that Plaintiff was, at the time of filing of this action, and still is a citizen of the State of California.  (Complaint, ¶ 1.) His employment records indicate he has lived and worked in California at all times since at least 1987.  (Rockaway Dec. ¶ 4.)

7.     Defendants are incorporated in the State of New Jersey and have their principal places of business in the State of New Jersey. (Rockaway Dec. ¶ 2.)

8.     While Plaintiff has purported to sue "Neutrogena Corporation," there is no such legal entity.  The entity formerly known as Neutrogena Corporation became known as Neutrogena, LLC.  Neutrogena, LLC merged with JJCI on June 29, 2015, and as of that date, is no longer an independent entity. (Rockaway Dec. ¶ 3.)

9.     Defendant Does 1 through 10, inclusive, are wholly fictitious.  The Complaint does not set forth the identity or the status of any said fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants.  The naming of said fictitious defendants does not destroy the diversity of citizenship between the parties in this action.  McCabe v. General Foods Corp., 811 F.2d 1339 (9th Cir. 1997); Hurtle Corporation v. Boeing Company, 678 F.2d 842 (9th Cir. 1982).

- 3 -

## AMOUNT IN CONTROVERSY

10. Plaintiff's Complaint does not specify the total amount in controversy. The omission in the Complaint of a specified amount in controversy does not deprive this Court of jurisdiction. See White v. J.C. Penny Life Insurance Company White v. J.C. Penny Life Insurance Company, 861 F. Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to a federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining . . . to place a specific dollar amount upon its claim.") It is well settled that in determining whether a complaint meets the $75,000.00 amount in controversy threshold of U.S.C. § 1332(a), a court should consider the aggregate of the claims and the value of the claims. Wolde-Meskal v. Vocational Instruction Project, 166 F. 3d 59, 62 (2nd Cir. 1999) (the diversity statute confers jurisdiction over the entire action, not just the specific claims alleged in a complaint, therefore, the claims of a single plaintiff are aggregated in order to satisfy the amount in controversy); see also Bell v. Preferred Life Assurance Society, 320 U.S. 238, 64 S. Ct. 5, 88 L. Ed. 15 (1943); Goldberg v. C.P.C. International, Inc., 678 F. 2d 1365, 1367 (9th Cir. 1982) (attorneys' fee may be taken into account to determine jurisdictional amounts.)

11. Plaintiff's alleged damages, if proven, exceed the $75,000 jurisdictional limit, exclusive of costs and interest. Plaintiff asserts claims for, inter alia, disability discrimination, retaliation, and wrongful termination. Plaintiff seeks compensation damages for "loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damages to his professional reputation." (Complaint ¶¶ 37, 47, 60, 79, 91, 98.) He also seeks damages for his alleged "emotional distress, humiliation, mental anguish and

- 4 -

embarrassment, as well as the manifestation of physical symptoms." (Id. ¶¶ 38, 48, 61, 71, 80, 92, 99.)

12.   Plaintiff was paid $25.48 per hour and typically worked 40 hours per week. (Rockaway Dec. ¶ 4.)  Plaintiff's employment ended on or about December 14, 2015. (Complaint ¶ 36.)  Thus, by today's date, Plaintiff's claim for back pay damages alone exceeds $110,000.00.

13.   Plaintiffs alleging emotional distress as a result of wrongful termination regularly seek in excess of $75,000.00 in such damages.  Keiffer v. Bechtel Corp., 65 Cal. App. 4th 893, 895 (1998) (California Court of Appeal upheld jury award in excess of $75,000.00 for emotional distress damages); Satrap v. Pacific Gas & Elec. Co., 42 Cal. App. 4th 72, 76 (1996) (jury award in excess of $75,000.00 in non-economic damages was upheld).

14.   Plaintiff also seeks 30 days of pay as waiting time penalties under Labor Code §§ 201-203.  (Complaint ¶¶ 103-108.)  As Plaintiff was paid $25.48 per hour, the waiting time penalties that Plaintiff seeks exceed $6,100.00.

15.   Plaintiff also seeks punitive and exemplary damages and attorneys' fees in his Complaint.  (Complaint ¶¶ 39, 40, 41, 49, 50, 51, 62, 63, 64, 72, 73, 81, 82, 83, 93, 94, 95, 100, 101, 102.)Prayer for Relief.)  Such damages and attorneys' fees are included in determining the jurisdictional amount.  Bell, 320 U.S. 238, 240, 64 S. Ct. 5, 6, 88 L. Ed. 15 (1943); Cadek v. Great Lakes Dragaway, Inc., 58 F. 3d 1209, 1211 (7th Cir. 1995); Richmond v. Allstate Ins. Co., 897 F. Supp. 447, 450 (S.D. Cal. 1995).

16.   Including all of the relief Plaintiff seeks, the amount in controversy in this case far exceeds $75,000.00.  James v. Childtime Childcare, Inc., 2007 U.S. Dist. LEXIS 43753 (E.D. Cal. 2007) (it was facially apparent that plaintiff's pregnancy discrimination claim under FEHA met the requisite amount in controversy where damages sought included back pay, emotional distress damages,

punitive damages, and attorney's fees); <u>Yong v. Hyatt Regency Sacramento</u>, 2007 U.S. Dist. LEXIS 9492 (E.D. Cal. 2007) ("[a]lthough the amount in controversy is not facially apparent, it is clear from the nature of Yong's claims for compensatory damages, emotional distress damages, punitive damages, and attorneys' fees that the action seeks relief well above the amount in controversy requirement.").

## **TIMELINESS OF REMOVAL**

17.    The Notice of Removal was timely filed in that it was filed within 30 days of service of the Summons and Complaint and within one (1) year of the filing of the Complaint.

18.    No pleadings other than the Summons and Complaint have been served on Defendants, as set forth above.

19.    For all of the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441(b).

## **VENUE**

20.    Venue properly lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1441, because Plaintiff's state court complaint was filed in a California Superior Court within this District. 28 U.S.C. § 84(c).

DATED:  January 12, 2018                    EPSTEIN BECKER & GREEN, P.C.

                                                            /s/ Michael S. Kun

                                            By:  Michael S. Kun
                                                   Attorneys for Defendants

- 6 -