# Exhibit 1

 CT Corporation

**Service of Process Transmittal**
12/13/2017
CT Log Number 532462617

TO: Stephanie Youngman
Johnson & Johnson
1 Johnson and Johnson Plz
New Brunswick, NJ 08933-0002

RE: **Process Served in California**

FOR: Johnson & Johnson Consumer Inc.  (Domestic State: NJ)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Pedro Turcios, etc., Pltf. vs. Neutrogena Corporation, etc., et al., Dfts. // To: Johnson & Johnson Consumer Inc., etc. |
| **DOCUMENT(S) SERVED:** | Summons, Instructions, Cover Sheet(s), Notice(s), Stipulation(s), Attachment(s), Complaint |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Hill Street, CA<br>Case # BC685810 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 12/14/2015 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/13/2017 at 14:55 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Eric J. Palmer<br>JML Law, APLC<br>21052 Oxnard St.<br>Woodland Hills, CA 91367<br>818-610-8800 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/13/2017, Expected Purge Date: 12/23/2017<br><br>Image SOP<br><br>Email Notification,  RA-JJCUS LDSOP  RA-JJCUS-LDSOP@its.jnj.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / HK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

12-13-17 8:55pm

## SUMMONS
### *(CITACION JUDICIAL)*

**SUM-100**

| |
|---|
| FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

NEUTROGENA CORPORATION, a California corporation;
[Additional Parties Attachment Form is Attached]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

PEDRO TURCIOS, an individual,

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC 06 2017

Sherri R. Carter, Executive Officer/Clerk
By: Glorietta Robinson, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse

Los Angeles Superior Court - Central District
111 North Hill Street, Los Angeles, CA 90012

| CASE NUMBER:<br>*(Número del Caso):* |
|---|
| **BC 685810** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Eric J. Palmer; Christina Manalo - 21052 Oxnard St., Woodland Hills, CA 91367, (818) 610-8800

DATE: December 5, 2017        Clerk, by _____, Deputy
*(Fecha)* DEC 06 2017        *(Secretario)* Glorietta Robinson    *(Adjunto)*

SHERRI R. CARTER

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Johnson + Johnson Consumer, Inc., a New Jersey Corporation

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)        ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| TURCIOS v. NEUTROGENA CORPORATION, et al. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

[ ] Plaintiff    [✓] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

JOHNSON & JOHNSON SERVICES, INC., a New Jersey corporation ; JOHNSON & JOHNSON CONSUMER, INC., a New Jersey corporation; and DOES 1 through 50, inclusive,

Page 1 of 1

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Joseph M. Lovretovich; Eric J. Palmer; Christina R. Manalo  (73403; 231207; 297718)<br>JML LAW, APLC<br>21052 Oxnard Street, Woodland Hills, CA 91367<br>jml@jmllaw.com, eric@jmllaw.com, christina@jmllaw.com<br>TELEPHONE NO.: (818) 610-8800    FAX NO.: (818) 610-3030<br>ATTORNEY FOR (Name): Plaintiff | FOR COURT USE ONLY<br><br>CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>DEC 0 6 2017<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: Glorietta Robinson, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

| CASE NAME:<br>TURCIOS v. NEUTROGENA CORPORATION, et al. | | |
|---|---|---|
| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: BC 685810 |
| ☑ Unlimited    ☐ Limited<br>(Amount       (Amount<br>demanded     demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint (not specified above) (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition (not specified above) (43) |
| ☑ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties      d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence           f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify):  9
5. This case ☐ is  ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 5, 2017
Eric J. Palmer, Christina R. Manalo
(TYPE OR PRINT NAME)                              ► _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)

Case Number _____ BC 685810

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judge indicated below. There is more information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Debre K. Weintraub | 1 | 534 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Deirdre Hill | 49 | 509 |
| Hon. Terry A. Green | 14 | 300 | Hon. Teresa A. Beaudet | 50 | 508 |
| Hon. Richard Fruin | 15 | 307 | Hon. Michael J. Raphael | 51 | 511 |
| Hon. Rita Miller | 16 | 306 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Howard L. Halm | 53 | 513 |
| Hon. Stephanie Bowick | 19 | 311 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Dalila Corral Lyons | 20 | 310 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Michael Johnson | 56 | 514 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. John P. Doyle | 58 | 516 |
| Hon. Barbara Scheper | 30 | 400 | Hon. Gregory Keosian | 61 | 732 |
| Hon. Samantha Jessner | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Daniel S. Murphy | 32 | 406 | Hon. Mark Mooney | 68 | 617 |
| Hon. Michael P. Linfield | 34 | 408 | Hon. William F. Fahey | 69 | 621 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Monica Bachner | 71 | 729 |
| Hon. Marc Marmaro | 37 | 413 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. Rafael Ongkeko | 73 | 733 |
| Hon. Elizabeth Feffer | 39 | 415 | Hon. Michelle Williams Court | 74 | 735 |
| Hon. David Sotelo | 40 | 414 | Hon. Gail Ruderman Feuer | 78 | 730 |
| Hon. Holly E. Kendig | 42 | 416 | | | |
| Hon. Mel Red Recana | 45 | 529 | Hon. Steven J. Kleifield | 324 | CCW |
| Hon. Frederick C. Shaller | 46 | 500 | *Provisionally Complex Non-class Action Cases Assignment is Pending Complex Determination | 308 | CCW |
| Hon. Randolph Hammock | 47 | 507 | | | |

*Complex

All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   SHERRI R. CARTER, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev.12/16)
LASC Approved 05-06

- NOTICE OF CASE ASSIGNMENT -
UNLIMITED CIVIL CASE

Page 1 of 2

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):                     FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:    FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE** <br> (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐    Request for Informal Discovery Conference
   ☐    Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):     FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

◻ **Arbitration**

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

■ **Mandatory Settlement Conference (MSC)**

**Settlement Conferences are appropriate in any case where settlement is an option.** Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program.  Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

| SHORT TITLE: TURCIOS v. NEUTROGENA CORPORATION, et al. | CASE NUMBER BC 685810 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES    CLASS ACTION? ☐ YES    LIMITED CASE? ☐ YES    TIME ESTIMATED FOR TRIAL 5-7   ☐ HOURS/ ☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

| SHORT TITLE: TURCIOS v. NEUTROGENA CORPORATION, et al. | CASE NUMBER | |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☒ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| TURCIOS v. NEUTROGENA CORPORATION, et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE:  TURCIOS v. NEUTROGENA CORPORATION, et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>5760 96th Street |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90045 | |

**Item IV.** Declaration of Assignment: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___STANLEY MOSK___ courthouse in the ___CENTRAL___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: __12/5/2017__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

**JML LAW**
A PROFESSIONAL LAW CORPORATION
21052 OXNARD STREET
WOODLAND HILLS, CALIFORNIA 91367
Tel: (818) 610-8800
Fax: (818) 610-3030

JOSEPH M. LOVRETOVICH, STATE BAR NO. 73403
ERIC J. PALMER, STATE BAR NO. 231207
CHRISTINA R. MANALO, STATE BAR NO. 297718

Attorneys for Plaintiff
PEDRO TURCIOS

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC 06 2017

Sherri R. Carter, Executive Officer/Clerk
By: Morietta Robinson, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

| | |
|---|---|
| PEDRO TURCIOS, an individual,<br><br>Plaintiff<br><br>vs.<br><br>NEUTROGENA CORPORATION, a California corporation; JOHNSON & JOHNSON SERVICES, INC., a New Jersey corporation; JOHNSON & JOHNSON CONSUMER, INC., a New Jersey corporation; and DOES 1 through 50, inclusive,<br><br>Defendants | Case No.: BC 6 85 81 0<br><br>COMPLAINT FOR:<br>1. DISABILITY DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE § 12940 *ET SEQ.* [FEHA];<br>2. FAILURE TO ACCOMMODATE IN VIOLATION OF FEHA;<br>3. FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF FEHA;<br>4. FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF FEHA;<br>5. RETALIATION IN VIOLATION OF FEHA;<br>6. WRONGFUL TERMINATION IN VIOLATION OF FEHA;<br>7. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;<br>8. WAITING TIME PENALTIES; AND<br>9. VIOLATION OF CALIFORNIA LABOR CODE § 226<br><br>DEMAND FOR JURY TRIAL |

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

1    Plaintiff, PEDRO TURCIOS, hereby brings his complaint against the above-named

2  Defendants and states and alleges as follows:

3                    **PRELIMINARY ALLEGATIONS**

4    1.    At all times material herein, Plaintiff, PEDRO TURCIOS (hereinafter referred to as

5  "Plaintiff") was at all times relevant a resident of the County of Los Angeles, State of California.

6    2.    Plaintiff is informed, believes, and based thereon alleges that Defendant

7  NEUTROGENA CORPORATION is a California corporation and was at all times mentioned in

8  this complaint duly licensed to do business, was and is doing business, under and by virtue of the

9  laws of the State of California, in Los Angeles County.

10    3.    Plaintiff is informed, believes, and based thereon alleges that Defendant JOHNSON

11  & JOHNSON SERVICES, INC is a New Jersey corporation and was at all times mentioned in

12  this complaint duly licensed to do business, was and is doing business, under and by virtue of the

13  laws of the State of California, in Los Angeles County.

14    4.    Plaintiff is informed, believes, and based thereon alleges that Defendant JOHNSON

15  & JOHNSON CONSUMER, INC is a New Jersey corporation and was at all times mentioned in

16  this complaint duly licensed to do business, was and is doing business, under and by virtue of the

17  laws of the State of California, in Los Angeles County.

18    5.    At all times mentioned herein, Plaintiff was employed by Defendants

19  NEUTROGENA CORPORATION, JOHNSON & JOHNSON SERVICES, INC., and

20  JOHNSON & JOHNSON CONSUMER, INC., who are hereinafter collectively referred to as

21  "JOHNSON & JOHNSON " in the State of California, and within Los Angeles County.

22    6.    DOES 1 through 50, and each of them, were and are the shareholders, and/or

23  directors, and/or officers, and/or agents, and/or alter egos of JOHNSON & JOHNSON, and in

24  doing the things herein described, were acting within the scope of their authority as such

25  shareholders, and/or directors, and/or officers, and/or agents, and/or alter egos of JOHNSON &

26  JOHNSON.

27    7.    The true names and capacities, whether individual, corporate, associate or otherwise

28  of DOES 1 through 50 are unknown to Plaintiff who therefore sues these Defendants under said

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

2

COMPLAINT

1    fictitious names.  Plaintiff is informed and believes that each of the Defendants named as a DOE

2    Defendant is legally responsible in some manner for the events referred to in this complaint,

3    either negligently, willfully, wantonly, recklessly, tortiously, strictly liable, statutorily liable or

4    otherwise, for the injuries and damages described below to this Plaintiff.  Plaintiff will in the

5    future seek leave of this court to show the true names and capacities of these DOE Defendants

6    when it has been ascertained.

7         8.    Plaintiff is informed and believes, and based thereon alleges, that each of the

8    fictitiously named Defendants is responsible in some manner for, and proximately caused, the

9    harm and damages alleged herein below.

10        9.    Plaintiff is informed and believes, and based thereon alleges, that each of the

11   Defendants named herein acted as the employee, agent, spouse, partner, alter-ego and/or joint

12   venturer of each of the other Defendants named herein and, in doing the acts and in carrying out

13   the wrongful conduct alleged herein, each of said Defendants acted within the scope of said

14   relationship and with the permission, consent and ratification of each of the other Defendants

15   named herein.

16        10.   Hereinafter in the Complaint, unless otherwise specified, reference to a Defendant or

17   Defendants shall refer to all Defendants, and each of them.

18                              **FACTUAL ALLEGATIONS**

19        11.   Plaintiff began his employment with Defendants JOHNSON & JOHNSON as a

20   Compounder Level II in or about March 2001. Plaintiff performed all his job duties satisfactorily

21   and became a valued member of JOHNSON & JOHNSON.

22        12.   In or about June 2012, Plaintiff injured his left knee while performing work-related

23   duties.  He subsequently sustained injuries to his lower back in or about July 2012.  Plaintiff's

24   disabilities limited his ability to engage in major life activities, including working.

25        13.   Beginning in or about August 2012, Plaintiff took a medical leave of absence from

26   his job.  Plaintiff and/or his doctors provided notice to JOHNSON & JOHNSON indicating his

27   need for a medical leave of absence.  JOHNSON & JOHNSON approved of Plaintiff's request

28   for a medical leave of absence.

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

14.   In or about July 2013, Plaintiff's doctor released him to return to work.

15.   In or about August 2013, Plaintiff re-injured his back while performing work-related duties.  Plaintiff's back injury limited his ability to engage in major life activities, including working.

16.   Beginning in or about September 2013, Plaintiff took another medical leave due to his disabilities. Plaintiff and/or his doctors provided notice to JOHNSON & JOHNSON indicating his need for medical leave.  JOHNSON & JOHNSON approved of Plaintiff's request for a medical leave.

17.   In or around June 2015, Plaintiff's doctor released him to return to work with accommodations, including a lifting restriction of ten (10) pounds, no bending, kneeling, and no walking up stairs.   However, JOHNSON & JOHNSON refused to permit Plaintiff to return to work.

18.   When Plaintiff contacted JOHNSON & JOHNSON to submit his work restrictions. JOHNSON & JOHNSON'S Health and Wellness Representative, Victoria, informed Plaintiff that she would add his work restrictions to his file and talk to the manager to determine whether they could accommodate him. Plaintiff did not receive a call back.

19.   Starting in or about July 2015 and continuing through about August of 2015, Plaintiff called JOHNSON & JOHNSON several times to ask if he could return to work. JOHNSON & JOHNSON informed Plaintiff that they did not know when he could return to work.

20.   On or about September 11, 2015, JOHNSON & JOHNSON informed Plaintiff that they could not accommodate his restrictions, and instructed Plaintiff to check the company website to see if he qualified for another job. JOHNSON & JOHNSON did not provide Plaintiff with any documents or further instructions regarding returning to work.

21.   On or about December 14, 2015, after about fourteen years of service, JOHNSON & JOHNSON wrongfully terminated Plaintiff.  Substantial motivating factors in Plaintiff's termination included his disabilities and his taking of a medical leave of absence.

22.   Plaintiff was capable of performing the essential functions of his position and other positions within Defendants' organization with reasonable accommodations.

4

COMPLAINT

23. However, JOHNSON & JOHNSON and its agents failed to engage in a timely, good faith interactive process in good faith with Plaintiff and failed to provide reasonable accommodations for Plaintiff's disabilities.

24. Defendants could have provided reasonable accommodations to Plaintiff without suffering undue hardship, but chose to terminate him instead.

25. Plaintiff could have fully performed all essential duties and functions of his job, and other jobs that Defendants had available, in an adequate, satisfactory and/or outstanding manner, particularly if he was provided with reasonable accommodations.

26. At the time of Plaintiff's termination, JOHNSON & JOHNSON knew that it owed Plaintiff wages in the form of accrued vacation pay but willfully refused to pay Plaintiff these wages. Consequently, Plaintiff is still owed his vacation wages.

27. Plaintiff exhausted his administrative remedies by filing a complaint with the Department of Fair Housing and Employment ("DFEH") against Defendants on December 7, 2016. The DFEH issued Plaintiff an immediate right-to-sue letter on December 7, 2016.

## FIRST CAUSE OF ACTION

### DISCRIMINATION BASED ON A DISABILITY

### IN VIOLATION OF GOVT. CODE §§ 12940 *ET SEQ.* (FEHA)

#### (Against All Defendants)

28. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

29. At all times herein mentioned, California Government Code § 12940, *et seq.* were in full force and effect and were binding on Defendants and each of them, as Defendants regularly employed five (5) or more persons. Under the Fair Employment and Housing Act ("FEHA"), Government Code § 12940, *et seq.*, it is an unlawful employment practice for an employer because of the mental or physical disability of a person to discharge the person from employment or to discriminate against the person in compensation or in terms, conditions, or privileges of

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

1  employment.  It is further unlawful under the FEHA, Government Code section 12940 *et seq.*,

2  because an employee's disability, to harass an employee on such basis.

3      30.  Additionally, California Government Code § 12926(k)(5) and § 12940(m) protects

4  individuals in the workplace who are perceived to have a disability or are regarded or treated by

5  the employer as having a health impairment that has no present disabling effect but may become

6  a physical disability as described in § 12926(k)(1) or § 12926(k)(2). Defendants perceived

7  Plaintiff as disabled.

8      31.  As set forth in this complaint, Plaintiff is informed and believes that Defendants

9  discriminated against him by refusing to provide him with reasonable accommodations, and by

10  wrongfully terminating him on or about December 14, 2015.  Defendants exhibited a pattern of

11  discriminatory and retaliatory conduct towards Plaintiff due to his disabilities and/or perceived

12  disabilities.

13      32.  In or about June 2012, Plaintiff injured his left knee while performing work-related

14  duties.  He subsequently sustained injuries to his lower back in or about July 2012.  Plaintiff's

15  disabilities limited his ability to engage in major life activities, including working. Beginning in

16  or about August 2012, Plaintiff took a medical leave. Plaintiff and/or his doctors provided notice

17  to JOHNSON & JOHNSON indicating his need for medical leave. JOHNSON & JOHNSON

18  approved of Plaintiff's request for a medical leave.  In or about July 2013, Plaintiff's doctor

19  released him to return to work.

20      33.  In or about August 2013, Plaintiff re-injured his back while performing work-related

21  duties.  Plaintiff's back injury limited his ability to engage in major life activities, including

22  working.  Beginning in or about September 2013, Plaintiff took a medical leave due to his

23  disabilities. Plaintiff and/or his doctors provided notice to JOHNSON & JOHNSON indicating

24  his need for medical leave.  JOHNSON & JOHNSON approved of Plaintiff's request for a

25  medical leave.

26      34.  In or around June 2015, Plaintiff's doctor released him to return to work with

27  accommodations, including a lifting restriction of ten (10) pounds, no bending, kneeling, and no

28  walking up stairs.  However, JOHNSON & JOHNSON refused to permit Plaintiff to return to

6
COMPLAINT

1   work. When Plaintiff contacted JOHNSON & JOHNSON to submit his work restrictions.

2   JOHNSON & JOHNSON'S Health and Wellness Representative, Victoria, informed Plaintiff

3   that she would add his work restrictions to his file and talk to the manager to determine whether

4   they could  accommodate him. Plaintiff did not receive a call back.

5       35.   Starting in or about July 2015 and continuing through about August of 2015, Plaintiff

6   called JOHNSON & JOHNSON several times to ask if he could return to work. JOHNSON & 

7   JOHNSON informed Plaintiff that they did not know when he could return to work. On or about

8   September 11, 2015, JOHNSON & JOHNSON informed Plaintiff that they could not

9   accommodate his restrictions, and instructed Plaintiff to check the company website to see if he

10  qualified for another job. JOHNSON & JOHNSON did not provide Plaintiff with any documents

11  or further instructions regarding returning to work.

12      36.   On or about December 14, 2015, after about fourteen years of service, JOHNSON &

13  JOHNSON wrongfully terminated Plaintiff.  Substantial motivating factors in Plaintiff's

14  termination included his disabilities and his taking of medical leave. Plaintiff was capable of

15  performing the essential functions of his position and other positions within Defendants'

16  organization with reasonable accommodations. However, JOHNSON & JOHNSON and its

17  agents failed to engage in a timely, good faith interactive process in good faith with Plaintiff and

18  failed to provide reasonable accommodations for Plaintiff's disabilities. Defendants could have

19  provided reasonable accommodations to Plaintiff without suffering undue hardship, but chose to

20  terminate him instead.  Plaintiff could have fully performed all essential duties and functions of

21  his job, and other jobs that Defendants had available, in an adequate, satisfactory and/or

22  outstanding manner, particularly if he was provided with reasonable accommodations.

23      37.   As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff

24  has suffered actual, consequential and incidental financial losses, including without limitation,

25  loss of salary and benefits, and the intangible loss of employment related opportunities in his

26  field and damage to his professional reputation, all in an amount subject to proof at the time of

27  trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288

28  and/or any other provision of law providing for prejudgment interest.

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

38.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

39.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

40.   Defendants had in place policies and procedures that specifically prohibited and required Defendants' managers, officers, and agents to prevent disability discrimination, retaliation, and harassment based on disability against and upon employees of Defendants. Managers, officers, and/or agents of Defendants were aware of Defendants' policies and procedures requiring Defendants' managers, officers, and agents to prevent, and investigate, disability discrimination, retaliation, and harassment based on disability against and upon employees of Defendants.  However, Defendants  chose to consciously and willfully ignore said policies and procedures and therefore, Defendants' outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff.  Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

41.   Plaintiff is informed and believes, and based thereon alleges that Defendants and their managers, officers, and managing agents had a pattern and practice of wrongfully terminating employees who were disabled so that Defendants did not have to accommodate them. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an

8

amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## SECOND CAUSE OF ACTION
### FAILURE TO ACCOMMODATE IN VIOLATION OF
### GOVT. CODE §§ 12940, *ET SEQ.* (FEHA)
### (Against All Defendants)

42.   Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

43.   At all times herein mentioned, Government Code § 12940, *et seq*. were in full force and effect and were binding on Defendants and each of them, as Defendants regularly employed five (5) or more persons.

44.   Plaintiff's disabilities limited his ability to engage in the major life activity of working.

45.   Although Defendants knew of Plaintiff's disabilities, Defendants failed to provide reasonable accommodations for Plaintiff's disabilities in direct violation of Government Code § 12940. Defendants could have accommodated him without suffering undue hardship, but chose to deny his return to work from medical leave and terminated him instead.

46.   Plaintiff alleges that he could have fully performed all essential duties and functions of her job, and other jobs that Defendant had available, in an adequate, satisfactory and/or outstanding manner, particularly if he was provided with reasonable accommodations.

47.   As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

9

48.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

49.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under Government Code § 12965(b).

50.   Defendants had in place policies and procedures that specifically prohibited and required Defendants' managers, officers, and agents to prevent disability discrimination, retaliation, and harassment based on disability against and upon employees of Defendants. Managers, officers, and/or agents of Defendants were aware of Defendants' policies and procedures requiring Defendants' managers, officers, and agents to prevent, and investigate, disability discrimination, retaliation, and harassment based on disability against and upon employees of Defendants.  However, Defendants  chose to consciously and willfully ignore said policies and procedures and therefore, Defendants' outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff.  Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

51.   Plaintiff is informed and believes, and based thereon alleges that Defendants and their managers, officers, and managing agents had a pattern and practice of wrongfully terminating employees who were disabled so that Defendants did not have to accommodate them. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an

10

COMPLAINT

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

1   amount to be established that is appropriate to punish each Defendant and deter others from
2   engaging in such conduct.

3

4   **THIRD CAUSE OF ACTION**

5   **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS**

6   **IN VIOLATION OF GOVT. CODE § 12940, *ET SEQ.* (FEHA)**

7   **(Against All Defendants)**

8   52.   Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set
9   forth herein.

10   53.   Government Code §12940(n) provides that it is unlawful for an employer to fail to
11   engage in a timely, good faith, interactive process with the employee to determine effective
12   reasonable accommodations, if any.

13   54.   Defendants failed to engage in a timely, good faith, interactive process with Plaintiff
14   to determine effective reasonable accommodations for Plaintiff's known disabilities. Instead,
15   Defendants refused Plaintiff from returning to work from medical leave and wrongfully
16   terminated him.

17   55.   In or about June 2012, Plaintiff injured his left knee while performing work-related
18   duties.  He subsequently sustained injuries to his lower back in or about July 2012.  Plaintiff's
19   disabilities limited his ability to engage in major life activities, including working. Beginning in
20   or about August 2012, Plaintiff took a medical leave. Plaintiff and/or his doctors provided notice
21   to JOHNSON & JOHNSON indicating his need for medical leave.  JOHNSON & JOHNSON
22   approved of Plaintiff's request for a medical leave.  In or about July 2013, Plaintiff's doctor
23   released him to return to work.

24   56.   In or about August 2013, Plaintiff re-injured his back while performing work-related
25   duties.  Plaintiff's back injury limited his ability to engage in major life activities, including
26   working.  Beginning in or about September 2013, Plaintiff took a medical leave due to his
27   disabilities. Plaintiff and/or his doctors provided notice to JOHNSON & JOHNSON indicating

28

1  his need for medical leave.  JOHNSON & JOHNSON approved of Plaintiff's request for a

2  medical leave.

3      57.  In or around June 2015, Plaintiff's doctor released him to return to work with

4  accommodations, including a lifting restriction of ten (10) pounds, no bending, kneeling, and no

5  walking up stairs.  However, JOHNSON & JOHNSON refused to permit Plaintiff to return to

6  work. When Plaintiff contacted JOHNSON & JOHNSON to submit his work restrictions.

7  JOHNSON & JOHNSON'S Health and Wellness Representative, Victoria, informed Plaintiff

8  that she would add his work restrictions to his file and talk to the manager to determine whether

9  they could  accommodate him. Plaintiff did not receive a call back.

10      58.  Starting in or about July 2015 and continuing through about August of 2015, Plaintiff

11  called JOHNSON & JOHNSON several times to ask if he could return to work. JOHNSON &

12  JOHNSON informed Plaintiff that they did not know when he could return to work. On or about

13  September 11, 2015, JOHNSON & JOHNSON informed Plaintiff that they could not

14  accommodate his restrictions, and instructed Plaintiff to check the company website to see if he

15  qualified for another job. JOHNSON & JOHNSON did not provide Plaintiff with any documents

16  or further instructions regarding returning to work.

17      59.  On or about December 14, 2015, after about fourteen years of service, JOHNSON &

18  JOHNSON wrongfully terminated Plaintiff.  Substantial motivating factors in Plaintiff's

19  termination included his disabilities and his taking of medical leave. Plaintiff was capable of

20  performing the essential functions of his position and other positions within Defendants'

21  organization with reasonable accommodations. However, JOHNSON & JOHNSON and its

22  agents failed to engage in a timely, good faith interactive process in good faith with Plaintiff and

23  failed to provide reasonable accommodations for Plaintiff's disabilities. Defendants could have

24  provided reasonable accommodations to Plaintiff without suffering undue hardship, but chose to

25  terminate him instead.  Plaintiff could have fully performed all essential duties and functions of

26  his job, and other jobs that Defendants had available, in an adequate, satisfactory and/or

27  outstanding manner, particularly if he was provided with reasonable accommodations.

28

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

60. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

61. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

62. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under Government Code § 12965(b).

63. Defendants had in place policies and procedures that specifically prohibited and required Defendants' managers, officers, and agents to prevent disability discrimination, retaliation, and harassment based on disability against and upon employees of Defendants. Managers, officers, and/or agents of Defendants were aware of Defendants' policies and procedures requiring Defendants' managers, officers, and agents to prevent, and investigate, disability discrimination, retaliation, and harassment based on disability against and upon employees of Defendants. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, Defendants' outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an

13

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

1    amount to be established that is appropriate to punish each Defendant and deter others from

2    engaging in such conduct.

3        64.   Plaintiff is informed and believes, and based thereon alleges that Defendants and their

4    managers, officers, and managing agents had a pattern and practice of wrongfully terminating

5    employees who were disabled so that Defendants did not have to accommodate them. Plaintiff

6    should, therefore, be awarded exemplary and punitive damages against each Defendant in an

7    amount to be established that is appropriate to punish each Defendant and deter others from

8    engaging in such conduct.

9

10                    **FOURTH CAUSE OF ACTION**

11            **FAILURE TO PREVENT DISCRIMINATION**

12      **IN VIOLATION OF GOVT. CODE § 12940, *ET SEQ*. (FEHA)**

13                  **(Against All Defendants)**

14        65.   Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set

15    forth herein.

16        66.   At all times mentioned herein, Government Code Sections 12940, *et seq.*, including

17    but not limited to Sections 12940 (j) and (k), were in full force and effect and were binding upon

18    Defendants and each of them. These sections impose on an employer a duty to take immediate

19    and appropriate corrective action to end discrimination and harassment and take all reasonable

20    steps necessary to prevent discrimination and harassment from occurring, among other things.

21        67.   Defendants violated Government Code § 12940 (j) and (k) by failing to adequately

22    supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act as

23    described herein.

24        68.   Defendants failed to fulfill their statutory duty to timely take immediate and

25    appropriate corrective action to end the discrimination and also failed to take all reasonable steps

26    necessary to prevent the discrimination from occurring.

27        69.   In failing and/or refusing to take immediate and appropriate corrective action to end

28    the discrimination, and in failing and/or refusing to take and or all reasonable steps necessary to

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

1  prevent harassment and discrimination from occurring, Defendants violated Government Code §

2  12940 (j) and (k), causing Plaintiff to suffer damages as set forth above.

3      70.   As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff

4  has suffered actual, consequential and incidental financial losses, including without limitation,

5  loss of salary and benefits, and the intangible loss of employment related opportunities in his

6  field and damage to his professional reputation, all in an amount subject to proof at the time of

7  trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288

8  and/or any other provision of law providing for prejudgment interest.

9      71.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

10  has suffered and continues to suffer emotional distress, humiliation, mental anguish and

11  embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and

12  believes and thereupon alleges that he will continue to experience said physical and emotional

13  suffering for a period in the future not presently ascertainable, all in an amount subject to proof

14  at the time of trial.

15      72.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

16  has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected

17  to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to

18  recover attorneys' fees and costs under Government Code § 12965(b).

19      73.   Defendants had in place policies and procedures that specifically prohibited and

20  required Defendants' managers, officers, and agents to prevent disability discrimination,

21  retaliation, and harassment based on disability against and upon employees of Defendants.

22  Managers, officers, and/or agents of Defendants were aware of Defendants' policies and

23  procedures requiring Defendants' managers, officers, and agents to prevent, and investigate,

24  disability discrimination, retaliation, and harassment based on disability against and upon

25  employees of Defendants.  However, Defendants  chose to consciously and willfully ignore said

26  policies and procedures and therefore, Defendants' outrageous conduct was fraudulent,

27  malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights

28  and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in,

1  authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff

2  should, therefore, be awarded exemplary and punitive damages against each Defendant in an

3  amount to be established that is appropriate to punish each Defendant and deter others from

4  engaging in such conduct.

5

6  ## FIFTH CAUSE OF ACTION

7  ### RETALIATION IN VIOLATION OF GOVT. CODE §§ 12940 *ET SEQ.* (FEHA)

8  **(Against All Defendants)**

9  74.  Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set

10  forth herein.

11  75.  At all times herein mentioned, Government Code § 12940, *et seq.* was in full force

12  and effect and was binding on Defendants, as Defendants regularly employed five or more

13  persons.  Government Code § 12940(h) makes it unlawful for any person to retaliate against an

14  employee who has engaged in protected activity under the FEHA, including taking protected

15  medical leave or requesting accommodations.  Further, Government Code § 12945.2(l) prohibits

16  unlawful discrimination against employee who takes protected medical leaves of absence

17  pursuant to the Family and Medical Leave Act ("FMLA").

18  76.  Plaintiff engaged in protected activity by requesting reasonable accommodations for

19  his known disabilities, and by taking medical leave due to his disabilities.

20  77.  In retaliation for Plaintiff's aforementioned protected activity, Defendants refused to

21  permit Plaintiff to return to work following his medical leave and then wrongfully terminated

22  him.

23  78.  Defendants' conduct, as alleged above, constituted unlawful retaliation in violation of

24  Government Code §§ 12940(h) and/or 12945.2(l).

25  79.  As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff

26  has suffered actual, consequential and incidental financial losses, including without limitation,

27  loss of salary and benefits, and the intangible loss of employment related opportunities in his

28  field and damage to his professional reputation, all in an amount subject to proof at the time of

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

16

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

1   trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288

2   and/or any other provision of law providing for prejudgment interest.

3        80.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

4   has suffered and continues to suffer emotional distress, humiliation, mental anguish and

5   embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and

6   believes and thereupon alleges that he will continue to experience said physical and emotional

7   suffering for a period in the future not presently ascertainable, all in an amount subject to proof

8   at the time of trial.

9        81.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

10   has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected

11   to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to

12   recover attorneys' fees and costs under Government Code § 12965(b).

13        82.   Defendants had in place policies and procedures that specifically prohibited and

14   required Defendants' managers, officers, and agents to prevent retaliation for engaging in

15   protected activity under the FEHA against and upon employees of Defendants.  Managers,

16   officers, and/or agents of Defendants were aware of Defendants' policies and procedures

17   requiring Defendants' managers, officers, and agents to prevent, and investigate retaliation based

18   on protected activity against and upon employees of Defendants.  However, Defendants  chose to

19   consciously and willfully ignore said policies and procedures and therefore, Defendants'

20   outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for

21   the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff.  Each

22   Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the

23   wrongful conduct alleged above.  Plaintiff should, therefore, be awarded exemplary and punitive

24   damages against each Defendant in an amount to be established that is appropriate to punish each

25   Defendant and deter others from engaging in such conduct.

26        83.   Plaintiff is informed and believes, and based thereon alleges that Defendants and their

27   managers, officers, and managing agents had a pattern and practice of wrongfully terminating

28   employees who engaged in protected activity under the FEHA. Plaintiff should, therefore, be

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

1  awarded exemplary and punitive damages against each Defendant in an amount to be established

2  that is appropriate to punish each Defendant and deter others from engaging in such conduct.

3

4  ## SIXTH CAUSE OF ACTION

5  ## WRONGFUL TERMINATION IN VIOLATION OF

6  ## GOVT. CODE §§ 12940, *ET SEQ.* (FEHA)

7  84.   Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set

8  forth herein.

9  85.   At all times herein mentioned, Government Code § 12940, *et seq.* was in full force

10  and effect and was binding on Defendants and each of them, as Defendants regularly employed

11  five (5) or more persons.  Plaintiff was at all times material hereto an employee covered by

12  Government Code § 12940(a) prohibiting discrimination in employment on the basis of their

13  disability.  Additionally, Government Code § 12945.2(l) prohibits discrimination against

14  employees who takes protected medical leave pursuant to the FMLA/CFRA.

15  86.   In or about June 2012, Plaintiff injured his left knee while performing work-related

16  duties.  He subsequently sustained injuries to his lower back in or about July 2012.  Plaintiff's

17  disabilities limited his ability to engage in major life activities, including working. Beginning in

18  or about August 2012, Plaintiff took a medical leave..Plaintiff and/or his doctors provided notice

19  to JOHNSON & JOHNSON indicating his need for medical leave.  JOHNSON & JOHNSON

20  approved of Plaintiff's request for a medical leave.  In or about July 2013, Plaintiff's doctor

21  released him to return to work.

22  87.   In or about August 2013, Plaintiff re-injured his back while performing work-related

23  duties.  Plaintiff's back injury limited his ability to engage in major life activities, including

24  working.  Beginning in or about September 2013, Plaintiff took a medical leave due to his

25  disabilities. Plaintiff and/or his doctors provided notice to JOHNSON & JOHNSON indicating

26  his need for medical leave.  JOHNSON & JOHNSON approved of Plaintiff's request for a

27  medical leave.

28

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

88.   In or around June 2015, Plaintiff's doctor released him to return to work with accommodations, including a lifting restriction of ten (10) pounds, no bending, kneeling, and no walking up stairs.   However, JOHNSON & JOHNSON refused to permit Plaintiff to return to work. When Plaintiff contacted JOHNSON & JOHNSON to submit his work restrictions. JOHNSON & JOHNSON'S Health and Wellness Representative, Victoria, informed Plaintiff that she would add his work restrictions to his file and talk to the manager to determine whether they could accommodate him. Plaintiff did not receive a call back.

89.   Starting in or about July 2015 and continuing through about August of 2015, Plaintiff called JOHNSON & JOHNSON several times to ask if he could return to work. JOHNSON & JOHNSON informed Plaintiff that they did not know when he could return to work. On or about September 11, 2015, JOHNSON & JOHNSON informed Plaintiff that they could not accommodate his restrictions, and instructed Plaintiff to check the company website to see if he qualified for another job. JOHNSON & JOHNSON did not provide Plaintiff with any documents or further instructions regarding returning to work.

90.   On or about December 14, 2015, after about fourteen years of service, JOHNSON & JOHNSON wrongfully terminated Plaintiff.  Substantial motivating factors in Plaintiff's termination included his disabilities and his taking of medical leave. Plaintiff was capable of performing the essential functions of his position and other positions within Defendants' organization with reasonable accommodations. However, JOHNSON & JOHNSON and its agents failed to engage in a timely, good faith interactive process in good faith with Plaintiff and failed to provide reasonable accommodations for Plaintiff's disabilities. Defendants could have provided reasonable accommodations to Plaintiff without suffering undue hardship, but chose to terminate him instead.  Plaintiff could have fully performed all essential duties and functions of his job, and other jobs that Defendants had available, in an adequate, satisfactory and/or outstanding manner, particularly if he was provided with reasonable accommodations.

91.   As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his

19

COMPLAINT

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

1    field and damage to his professional reputation, all in an amount subject to proof at the time of

2    trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288

3    and/or any other provision of law providing for prejudgment interest.

4        92.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

5    has suffered and continues to suffer emotional distress, humiliation, mental anguish and

6    embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and

7    believes and thereupon alleges that he will continue to experience said physical and emotional

8    suffering for a period in the future not presently ascertainable, all in an amount subject to proof

9    at the time of trial.

10       93.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

11   has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected

12   to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to

13   recover attorneys' fees and costs under Government Code § 12965(b).

14       94.   Defendants had in place policies and procedures that specifically prohibited and

15   required Defendants' managers, officers, and agents to prevent disability discrimination,

16   retaliation, and harassment based on disability against and upon employees of Defendants.

17   Managers, officers, and/or agents of Defendants were aware of Defendants' policies and

18   procedures requiring Defendants' managers, officers, and agents to prevent, and investigate,

19   disability discrimination, retaliation, and harassment based on disability against and upon

20   employees of Defendants. However, Defendants chose to consciously and willfully ignore said

21   policies and procedures and therefore, Defendants' outrageous conduct was fraudulent,

22   malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights

23   and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in,

24   authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff

25   should, therefore, be awarded exemplary and punitive damages against each Defendant in an

26   amount to be established that is appropriate to punish each Defendant and deter others from

27   engaging in such conduct.

28

95.   Plaintiff is informed and believes, and based thereon alleges that Defendants and their managers, officers, and managing agents had a pattern and practice of wrongfully terminating employees who were disabled so that Defendants did not have to accommodate them. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## SEVENTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against All Defendants)

96.   Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

97.   At all times mentioned, the public policy of the State of California, as codified, expressed and mandated in Government Code §§ 12940, *et seq.*, is to prohibit employers from discriminating, harassing and retaliating against any individual on the basis of, but not limited to, disability as identified in Government Code § 12940(a)-(o).  Additionally, Government Code § 12945.2(l) prohibits discrimination against employees who takes protected medical leave pursuant to the FMLA/CFRA.  These public policies of the State of California are designed to protect all employees and to promote the welfare and well-being of the community at large.  Accordingly, the actions of Defendants, and each of them, in terminating Plaintiff on the grounds alleged and described herein were wrongful and in contravention of the express public policy of the State of California, to wit, the policy set forth in Government Code § 12940, *et seq.*, and the laws and regulations promulgated thereunder.

98.   As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

1    trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288

2    and/or any other provision of law providing for prejudgment interest.

3        99.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

4    has suffered and continues to suffer emotional distress, humiliation, mental anguish and

5    embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and

6    believes and thereupon alleges that he will continue to experience said physical and emotional

7    suffering for a period in the future not presently ascertainable, all in an amount subject to proof

8    at the time of trial.

9        100. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

10   has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected

11   to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to

12   recover attorneys' fees and costs under Government Code § 12965(b).

13       101. Defendants had in place policies and procedures that specifically prohibited and

14   required Defendants' managers, officers, and agents to prevent disability discrimination,

15   retaliation, and harassment based on disability against and upon employees of Defendants.

16   Managers, officers, and/or agents of Defendants were aware of Defendants' policies and

17   procedures requiring Defendants' managers, officers, and agents to prevent, and investigate,

18   disability discrimination, retaliation, and harassment based on disability against and upon

19   employees of Defendants.  However, Defendants  chose to consciously and willfully ignore said

20   policies and procedures and therefore, Defendants' outrageous conduct was fraudulent,

21   malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights

22   and duties owed by each Defendant to Plaintiff.  Each Defendant aided, abetted, participated in,

23   authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff

24   should, therefore, be awarded exemplary and punitive damages against each Defendant in an

25   amount to be established that is appropriate to punish each Defendant and deter others from

26   engaging in such conduct.

27       102. Plaintiff is informed and believes, and based thereon alleges that Defendants and their

28   managers, officers, and managing agents had a pattern and practice of wrongfully terminating

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

22

COMPLAINT

employees who were disabled so that Defendants did not have to accommodate them. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## EIGHTH CAUSE OF ACTION
### WAITING TIME PENALTIES
### CAL. LABOR CODE §§ 201 THROUGH 203)
#### (Against All Defendants)

103.  Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

104.  Labor Code §§ 201 and 202 require the immediate payment of wages earned and unpaid at the time of an employee's discharge or layoff.

105.  Labor Code § 203, subdivision (a), states that if an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201 and 202, *inter alia*, any wages of an employee who is discharged or who quits, "the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

106.  Labor Code § 203, subdivision (b), states: "Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise."

107.  During the relevant period, Defendants willfully failed to pay Plaintiff the earned and unpaid wages set forth above, including but not limited to owed vacation pay, either at the time of discharge, or within seventy-two (72) hours of his leaving Defendants' employ. These actions were in violation of California Labor Code sections 201 and 202.

108.  Based on Defendants' conduct as alleged herein, Defendants are liable to Plaintiff for statutory penalties pursuant to California Labor Code § 203. Plaintiff is therefore entitled to

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

1    recover from Defendants the statutory penalty wage for each day he was not paid, up to a thirty

2    (30) day maximum, pursuant to California Labor Code § 203, in addition to his unpaid wages.

3

4                              **NINTH CAUSE OF ACTION**

5               **VIOLATION OF CALIFORNIA LABOR CODE § 226, *ET SEQ.***

6                               **(Against All Defendants)**

7         109. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set

8    forth herein.

9         110. Pursuant to California Labor Code § 226(a), Defendants JOHNSON & JOHNSON

10   were required to keep copies of its employees wage statements for a period of three (3) years.

11        111. Plaintiff had the right to inspect or copy the wage statements that were in the

12   possession, custody, and control of JOHNSON & JOHNSON because he was a former employee

13   of JOHNSON & JOHNSON.

14        112. California Labor Code § 226 (c) states: An employer who receives a written or oral

15   request to inspect or copy records pursuant to subdivision (b) pertaining to a current or former

16   employee shall comply with the request as soon as practicable, but no later than 21 calendar days

17   from the date of the request.

18        113. On May 17, 2017, Plaintiff sent a certified letter to JOHNSON & JOHNSON

19   requesting his wage statements. It has been over 21 days since Plaintiff sent his request to

20   JOHNSON & JOHNSON and JOHNSON & JOHNSON has not responded to Plaintiff's request.

21        114. Pursuant to California Labor Code § 226(f), Plaintiff is entitled to recover a $750.00

22   penalty from Defendants JOHNSON & JOHNSON.

23                              **PRAYER FOR RELIEF**

24        **WHEREFORE, Plaintiff prays for judgment as follows:**

25        1.    For general damages, according to proof;

26        2.    For special damages, according to proof;

27        3.    For loss of earnings, according to proof;

28        4.    For statutory penalties for wage and hour violations;

24

COMPLAINT

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

5.    For unpaid wages due to Plaintiff, according to proof;

6.    For declaratory and injunctive relief, according to proof;

7.    For attorneys' fees, according to proof;

8.    For prejudgment interest, according to proof;

9.    For punitive and exemplary damages, according to proof;

10.   For costs of suit incurred herein; and

11.   For such other relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all causes of action set forth herein.

DATED:      December 5, 2017          JML LAW, A Professional Law Corporation

By: _____

JOSEPH M. LOVRETOVICH

ERIC. J. PALMER

CHRISTINA R. MANALO

Attorneys for Plaintiff

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

25

COMPLAINT